478 F.2d 1400
 5 Fair Empl.Prac.Cas. 1191, 5 Empl. Prac.
Dec. P 8653
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alvin Turner, Appellant
v.
Drug Fair Community Drug Company, Inc., Appellee.
 No. 72-1433.
 United States Court of Appeals, Fourth Circuit.
 June 7, 1973.
 
 Before HAYNSWORTH, Chief Judge, and FIELD and WIDENER, Circuit Judges.
 
 PER CURIAM
 
 1
 Alvin Turner appeals from a judgment of the district court dismissing his complaint alleging that his discharge by appellee Drug Fair was racially motivated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-2(a)(1).
 
 
 2
 In his complaint Turner asserts that on October 17, 1967, he was summarily fired as the assistant manager of Drug Fair's Store No. 61 in Prince George's County, Maryland, because of racial discrimination. On October 30, 1967, pursuant to 42 U.S.C. Sec. 2000e-5(b), Turner filed an employment discrimination charge with the Maryland Commission on Interracial Problems and Relations. After finding that there was no probable cause to believe that Turner was discharged on the basis of race, the Maryland Commission on April 25, 1968, waived jurisdiction of the case to the Equal Employment Opportunity Commission (EEOC), and the following day Turner filed his charge with the EEOC. The charge was timely because filed within thirty days after Turner received notice that state proceedings had been terminated and within 210 days after the alleged unlawful employment practice occurred. 42 U.S.C. Sec. 2000e-5(d).
 
 
 3
 The EEOC made an unsuccessful conciliatory attempt, but did not notify Turner of its failure to obtain voluntary compliance until March 26, 1971, nearly three years after the charge was filed. However, Turner is not chargeable with this delay since the thirty-day limitation applicable to charging parties under Sec. 2000e-5(e) "does not begin to run until notice of the failure to achieve voluntary compliance has been sent by the EEOC and received by the aggrieved person." Miller v. International Paper Co., 408 F.2d 283, 287 (5 Cir.1969). Concededly, Turner instituted a civil action in the district court within thirty days after receiving notice of his right to sue. Thus the district court had jurisdiction of the case.
 
 
 4
 The company's reasons for discharging Turner included the following alleged acts on his part: (1) Implementation of a security measure without first consulting the store manager; (2) unauthorized payment of $1.00 to an employee whose use of this security measure resulted in the apprehension of a shoplifter; and (3) improper advances to a certain female employee. An EEOC report based on an investigation conducted in 1968 recommended that a finding be made that there was reasonable cause to believe that a different standard was used in the case of Turner than of a white man similarly placed.
 
 
 5
 The district court held a hearing on February 7, 1972, at which Turner was the sole witness. The court admitted the EEOC report into evidence but found that the EEOC's conclusions did not stand up under the live evidence and concluded that racial bias was not a factor in Turner's discharge. The district court further stated that he would have fired Turner also, not necessarily because of the $1.00 reward and the alleged improper behavior with Carol Richmond, but because of several other considerations, including Turner's establishment of a security policy without obtaining authorization; failure to stock shelves per instructions; failure to supervise the unloading of trucks; excessive familiarity with female employees; inability to get along with fellow employees; and misrepresentation to Drug Fair of the circumstances under which he had left his former employers. These findings were based on an EEOC investigator's synopsis of interviews with managerial personnel of Drug Fair.
 
 
 6
 Turner denied the truth of each of these charges and produced supporting affidavits of three employees. The district judge, however, elected not to believe Turner, and such a credibility choice is exclusively for the district court, subject only to the clearly erroneous rule, Fed.R.Civ.P. 52(a). Burgess v. Farrell Lines, Inc., 335 F.2d 885 (4 Cir.1964). We conclude that the district court's finding that Turner was not discharged on account of race was not clearly erroneous and therefore affirm.
 
 
 7
 Affirmed.